IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON SPOON, on behalf of himself and others similarly situated, Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| AIRGAS, INC., Defendant. | : | |

**COMPLAINT – COLLECTIVE ACTION**

Cameron Spoon ("Plaintiff") brings this lawsuit against Airgas, Inc. ("Defendant") to recover overtime wages allegedly owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff sues on behalf of himself and similarly situated employees per the FLSA's collective action device. *See* 29 U.S.C. § 216(b). He alleges the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff resides in Parma Heights, OH.

4. Defendant is a corporate entity headquartered at 259 North Radnor-Chester Road, Radnor, PA 19087 (Delaware County).

5. Plaintiff is an employee covered by the FLSA.

6. Defendant is an employer covered by the FLSA.

**FACTS**

7. Defendant, according to its website, "is a leading U.S. supplier of industrial, medical and specialty gases, as well as hardgoods and related products; one of the largest U.S.

suppliers of safety products; and a leading U.S. supplier of ammonia products and process chemicals." https://www.airgas.com/company (last viewed 9/21/26).

8. Defendant employs individuals who hold the job title of Advanced Automation Specialist (a.k.a. "Automation Service Specialist"). This position generally entails the repair, installation, and retrofitting of industrial "plasma" cutting machines.

9. Plaintiff has been employed by Defendant as an Advanced Automation Specialist since around November 2024.

10. The Advanced Automation Specialist position does not require academic training in a field of specialized intellectual instruction. For example, Defendant hired Plaintiff as an Advanced Automation Specialist even though he lacks a college degree.

11. The Advanced Automation Specialist position is not directly related to the management or general business operations of Defendant or its customers. Rather, Advanced Automation Specialists perform "line-level" services that fall squarely within Defendant's marketplace offerings to customers and the public. Advanced Automation Specialists play no meaningful role in the "running" of Defendant's business.

12. Advanced Automation Specialists have no meaningful managerial responsibilities. Plaintiff, for example, does not supervise any other employees.

13. Plaintiff and other Advanced Automation Specialists are paid salaries.

14. Plaintiff and other Advanced Automation Specialists regularly work over 40 hours per week. For example, Plaintiff often works 45-55 hours per week at the assigned job locations plus additional time traveling to, from, and between job locations.

15. Plaintiff and other Advanced Automation Specialists do not receive any overtime premium compensation for hours worked over 40 per week.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other Advanced Automation Specialists (a.k.a. "Automation Service Specialists") employed by Defendant during any time within the past three years.

17. This lawsuit should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
**(Alleging FLSA Violations)**

18. All previous paragraphs are incorporated as though fully set forth herein.

19. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

20. Defendant violated the FLSA by failing to pay Plaintiff and other putative collective members overtime wages for all hours worked over 40 per week.

21. In failing to pay such overtime wages, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: September 22, 2026

Respectfully,

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

Vinesign Document ID: 132BE8A6-2D64-4650-A970-FAD1F494ED7D


**CONSENT TO BECOME PARTY PLAINTIFF**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

09/22/2026 — Cameron Spoon

Date — Signature

The signed document can be validated at https://app.vinesign.com/Verify